**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GERMAINE JARMARE WIGGINS, | : | |
| | : | Civil Action No. 08-963 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE DEPARTMENT OF PUBLIC SAFETY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    GERMAINE JARMARE WIGGINS, Plaintiff Pro Se
    # 154438
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**SIMANDLE**, District Judge

Plaintiff Germaine Jarmare Wiggins, currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submitted his Complaint with a complete application to proceed in forma pauperis ("IFP") with his six-month prison account statement. It appearing that plaintiff qualifies to proceed in forma pauperis, based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to

proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

I.  BACKGROUND

The Complaint names the following defendants: the Department of Public Safety and the Atlantic County Justice Facility. (Complaint, Caption and ¶¶ 3b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, in or about October 2003, he was stabbed in the face by another inmate, who had broken through faulty glass doors in the holding cell lock-up area of the jail. Plaintiff alleges that the defendants' employees neglected Plaintiff and the unsafe conditions that led to this incident. (Compl., ¶ 4).

Plaintiff seeks to recover an unspecified amount of money damages for his injuries and pain and suffering.  (Compl., ¶ 5).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

4

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[1]

---

[1] Plaintiff brings this action against the Atlantic County Justice Facility ("ACJF").  However, any § 1983 claim asserted against ACJF is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability.  See <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Accordingly, the Complaint will be dismissed in its entirety against defendant ACJF, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**II.  ANALYSIS**

Plaintiff essentially asserts a failure to protect claim in violation of either the Fourteenth or Eighth Amendment.[2]  He alleges that the incident occurred in October 2003, more than four years ago.  Plaintiff did not bring this action until January 28, 2008.[3]

---

[2]  It is not apparent from the Complaint whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged incident.  As a convicted prisoner, his excessive force claim would be analyzed under the Eighth Amendment's cruel and unusual punishment standard.  To prevail on an Eighth Amendment excessive force claim under 42 U.S.C. § 1983, an inmate must show that defendants used force maliciously and sadistically for the very purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 8-10 (1992).  Analysis of whether a pretrial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  In Bell, the Supreme Court held that the proper inquiry is whether the conditions of confinement amount to punishment of the detainee.  "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  Bell, 441 U.S. at 535-539.  Under either standard, it would appear that the facts of the Complaint, if true, may support a claim of excessive force.

[3]  Plaintiff's Complaint is signed and dated January 28, 2008, but the Complaint was not received and docketed by the Clerk's Office until February 21, 2008.  Nevertheless, giving Plaintiff the benefit of all inferences related to the date he filed his complaint, this Court finds that Plaintiff "filed" his complaint on the date he handed them to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because this Court does not know the exact date on which Plaintiff handed his complaint to prison officials for mailing, it will use the date on which Plaintiff signed his complaint, which was January 28, 2008.

The Court finds that any failure to protect claim now asserted by plaintiff is time-barred.  A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint.  See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F.Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)).  The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal

courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Federal courts look to state law to determine the limitations period for § 1983 actions.  See Wallace v. Kato, 549 U.S. __, 127 S.Ct. 1091, 1094 (2007).  Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling

because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

In most cases, "the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). See also Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994)(a claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action"). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Here, the assault by an inmate giving rise to the failure to protect claim occurred in October 2003. There is no question that plaintiff would have had actual knowledge of the injury that constitutes the basis of his claim. Thus, it would appear that his claim is now time-barred. This Complaint was submitted on January 28, 2008, long after the two-year statute of limitations period had expired in or around October 2005. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Nor does Plaintiff plead ignorance of the law or the fact

of his incarceration (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit.  In fact, Plaintiff offers no reasonable explanation for filing his Complaint so long out of time.

Thus, where Plaintiff has not offered any explanation for his lack of diligence in pursuing his claim for more than four years, his omission strongly militates against equitable tolling of the statute of limitations.

Therefore, the Court finds that plaintiff's failure to protect force claim as asserted in this Complaint is now time-barred and the Complaint will be dismissed with prejudice in its entirety accordingly, as against all defendants.  Further, the Court declines to exercise supplemental jurisdiction over any related state law claims that may be construed from the facts of the Complaint, because there are no claims pending over which this Court has original jurisdiction.  See 28 U.S.C. § 1367(c)(3).

## V. CONCLUSION

For the reasons expressed above, the Court will dismiss the Complaint with prejudice, in its entirety, as against all named defendants, because the claims asserted are now time-barred.  An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:    **March 5, 2008**